UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| JOHNNY PHILLIPS,<br>    Petitioner,<br><br>V.<br><br>AARON SMITH, *Warden*<br>    Respondent. | CIVIL ACTION NO. 6:13-22<br><br><br>**OPINION AND ORDER** |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the plaintiff's motion (DE 92) to amend an order entered by this Court on May 25, 2017, which denied the plaintiff's motion for a writ of habeas corpus under 28 U.S.C. § 2254 on all but one issue.

The facts and procedural history of this matter have been set forth now in multiple opinions, including an opinion by the Kentucky Supreme Court, *Phillips v. Commonwealth*, No. 2009-SC-000633-MR, 2010 WL 2471669, at *6 (Ky. June 17, 2010). Likewise, Magistrate Judge Edward B. Atkins and former U.S. District Judge Amul Thapar have set forth the relevant facts and history in opinions in the record of this matter (DE 85, Report and Recommendation; DE 89, May 25, 2017 Order.)

In brief, the plaintiff Johnny Phillips was found guilty in state court of wanton murder in the death of his friend, Phillip Glodo. He was sentenced to 30 years imprisonment. Magistrate Judge Atkins and Judge Thapar interpreted his habeas petition to assert three constitutional errors in the state court proceedings: first, that the trial court violated his constitutional rights by instructing the jury on wanton murder (with a related argument that there was insufficient evidence to convict him of this charge); second, that his trial counsel was ineffective for failing

to seek a directed verdict on the wanton-murder charge, for failing to object to the jury being instructed on wanton murder, for failing to offer proof at trial to rebut the wanton-murder charge, for failing to request an occupied-vehicle instruction, and for failing to call two experts; and third, that the government failed to disclose exculpatory evidence to him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (DE 85, Recommendation at 3; DE 89, Order.)

Judge Atkins entered a recommendation that Phillips' petition be denied as to all claims. In his May 25, 2017 order, Judge Thapar accepted that recommendation with regard to all but the *Brady* claim. As to that claim, Phillips argued that the government had failed to provide him post-mortem x-rays of Glodo's skull. There is no dispute that the government denied the x-rays existed and Phillips eventually obtained one x-ray through an open-records request.

Magistrate Judge Atkins ruled that Phillips failed to show any prejudice from the failure to disclose the x-ray. Phillips had argued that the x-ray would show that Glodo was not shot in the back of the head but rather from the side of the head as a result of a struggle for the gun. (DE 85, Recommendation at 20.) Phillips asserts that the x-ray helps prove that he shot Glodo in self-defense. Judge Thapar ruled that, in order to determine whether the x-ray is "material" as necessary to excuse Phillips' failure to raise the *Brady* issue on direct appeal in state court, an evidentiary hearing is necessary. (DE 89, Order at 18.) After Judge Thapar was confirmed as a judge on the Sixth Circuit Court of Appeals, the matter was reassigned to the undersigned. A hearing on the materiality of the x-ray is scheduled to take place on April 30, 2018.

With this motion, Phillips argues that Judge Thapar's opinion should be amended. He first argues that Judge Thapar incorrectly found that Phillips had not rebutted with clear and convincing evidence the Kentucky Supreme Court's factual findings. The only finding he specifically objects to is the finding that, prior to shooting Glodo, Phillips "prodded" Glodo with

2

a loaded shotgun in an effort to push Glodo away from him. Phillips argues that this finding was based on evidence that had been excluded by the trial court. As Judge Thapar explained, however, this finding was based on Phillips' own statement that he used the shotgun "to push [Glodo] away from me and it went off…." *Phillips*, 2010 WL 2471669, at *3.

Next, Phillips argues that Judge Thapar erroneously determined that his sufficiency-of-the-evidence claim was based upon state law. (DE 92, Mot. at 8.) This is incorrect. Judge Thapar explained that the *Kentucky Supreme Court's* decision that there was sufficient evidence to support the conviction was based upon *state* law. (DE 89, Order at 9.) He then correctly applied *federal law* in determining whether Phillips' claim merited habeas relief in *this* Court.

Next Phillips appears to ask the Court to make additional factual findings regarding Judge Thapar's determination that Phillips did not exhaust in state court his claim that the trial court violated his due process rights by instructing the jury on wanton murder. (DE 92, Mot. at 8.) No additional findings are necessary to support Judge Thapar's conclusion that Phillips did not raise this claim in the state court proceedings. In fact, as Judge Thapar pointed out, Phillips conceded in his petition that he did not exhaust this claim. Further, Judge Thapar determined that this claim lacked merit. No additional findings are necessary to support that conclusion.

Phillips argues that Judge Thapar incorrectly determined that it was proper to instruct the jury on wanton murder even though the word "wanton" did not appear in the indictment. Judge Thapar correctly explained that, by charging murder in violation of KRS § 507.020, the indictment provided Phillips sufficient notice that he was being charged with murder in the manners defined by the statute, including wanton murder. Phillips also asks for additional findings on this conclusion. (DE 92, Mot. at 11.) No additional findings are necessary.

Phillips next appears to ask the Court to make additional findings regarding his claim that there was insufficient evidence to support his conviction. (DE 92, Mot. at 15.) Phillips should understand that this Court cannot undertake a complete review of the evidence presented at the trial. "[I]t is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Further, in reviewing the sufficiency of the evidence, this Court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979) (citation omitted). This Court is limited to reviewing the Kentucky Supreme Court's sufficiency ruling to determine if it was unreasonable. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Under federal law, the relevant question when sufficiency of the evidence is raised is whether, after viewing the evidence in the light most favorable to the prosecution, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. On federal habeas review, even if this Court were to conclude that "a rational trier of fact could *not* have found a petitioner guilty beyond a reasonable doubt, . . . [the Court] must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Id*. (citing 28 U.S.C. § 2254(d)(2)).

In his most recent motion, Phillips argues that nothing in the trial record "refutes" that he believed he needed to act in self-defense. The Kentucky Supreme Court determined that it was "uncontroverted that Glodo was shot in the back of the head. While not determinative, a shot from behind, for obvious reasons, raises a jury question concerning whether Phillips, in fact, was acting in self-defense." *Phillips*, 2010 WL 2471669, at * 4. Further, as the Supreme Court pointed out, "a defendant relying upon self-defense bears the risk that the jury will not be

persuaded of his version of the facts." *Id*. at 5 (quoting *West v. Commonwealth*, 780 S.W.2d 600, 601 (Ky. 1989). The Kentucky Supreme Court's determination that a rational juror could have determined that Phillips did not act in self-defense was not unreasonable.

Phillips next asks the Court to make additional findings regarding Judge Thapar's rejection of his claims for ineffective assistance of counsel relating to his argument that he was convicted of an uncharged offense – wanton murder. Phillips does not specify what additional findings he requests. (DE 92, Mot. at 17.) The Court finds that none are necessary and sees no need to re-evaulate or amend Judge Thapar's analysis of this issue.

Similarly, Phillips asks the Court to make additional findings regarding Judge Thapar's rejection of his claim that his counsel was ineffective for failing to request a particular self-defense instruction – the "occupied-vehicle instruction." Phillips does not specify what additional findings he requests. (DE 92, Mot. at 18.) The Court finds that none are necessary and sees no need to re-evaluate or amend Judge Thapar's analysis of this issue.

With regard to his claim that his counsel was ineffective for failing to call DNA and ballistics experts, Phillips asks the Court to allow testimony to be presented at the hearing. The Kentucky Court of Appeals, however, rejected this claim. Judge Thapar determined the appellate court's rejection of this claim was not an unreasonable application of federal law. This Court's review on this claim is limited to determining whether the Kentucky state court's decision was "an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). "It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). "For a claim that was adjudicated on the merits in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA apply, and the district court is

5

limited to the record that was before the state court at the time." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). Accordingly, Phillips' request for a hearing on this claim is denied.

Phillips argues that this claim "involves an allegation of the prosecution grossly misrepresenting the DNA evidence to the jury, and newly discovered DNA evidence withheld by the Commonwealth." (DE 92, Mot. at 19.) Phillips did not assert a claim of prosecutorial misconduct in his § 2254 petition. (DE 1, Petition; DE 68, Supplement.) In his objections to the magistrate's determination, Phillips argued that his counsel's failure to hire a DNA expert allowed the prosecution to "grossly misrepresent the facts and evidence to the jury from the opening statement throughout the trial until the closing argument." (DE 86, Objections at 25.) Accordingly, Phillips has asserted a claim that his trial counsel was ineffective for failing to hire a DNA expert. That claim has been addressed. He has not asserted a claim for prosecutorial misconduct.

As to his claim that the government withheld DNA evidence, he appears to be referring to DNA test results that he alleges showed that Glodo's DNA was on a knife that Phillips alleges Glodo wielded at the time he was killed. He argues this evidence would support his argument that he acted in self-defense and would contradict the prosecution's argument that the victim's DNA did not appear on the knife.

Phillips raised this issue with the Laurel Circuit Court with a post-trial motion to vacate his conviction. That court noted that the kind of DNA analysis that Phillips referred to in his motion had not actually been performed on the knife. Phillips simply argued that, if conducted, this analysis *would be* exculpatory. Thus, the court determined there really was no "newly discovered evidence" regarding the DNA on the knife. (DE 68-1, Opionion at CM-ECF p. 16.)

Likewise, this Court has reviewed the record and finds no indication of any DNA evidence that existed at the time of the state court proceedings that was withheld from Phillips. Accordingly, there is no reason to expand the hearing to include DNA expert testimony as Phillips requests.

Finally, Phillips complains that his trial counsel was ineffective for failing to present to the jury certain medical records from the Laurel County Detention Center and an evaluation by a disability examiner dated February 28, 2001, about six years before Phillips killed Glodo. (DE 92, Mot. at 23.) He asserts these records would have been in some way favorable to his self-defense claim or, possibly, that it would have permitted a finding of guilty but mentally ill. (DE 92, Mot. at 23.)

Phillips has not raised this claim before in any other pleading, including his petition in this matter. A prisoner will not be permitted to present new claims in a habeas proceeding unless he can show cause to excuse his failure to present the claims in state court as well as actual prejudice to his defense at trial or on appeal. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Phillips argues that the records are "newly discovered" but he does not explain why he could not have obtained the detention center records prior to trial. Further, the disability evaluation was likely in his possession. Accordingly, Phillips has not established cause for failing to present these claims in state court. As to prejudice, the Court does not see how the records of the Laurel County Detention Center are relevant. And the disability evaluation would have likely been as harmful to Phillips as helpful.

In it, the evaluator states that Phillips complained of "the things I do or want to do, shoot people, cut them up. I shot my father-in-law three times with a twelve gauge shotgun. I can't handle idiots. I just go off." The evaluation states that Phillips had a prior conviction for aggravated assault. It states that Phillips stated he "kicked a man's door in and beat him with a

7

shotgun." Phillips stated during the evaluation, "since my car wreck, I shoot instead of smacking." (DE 92-2, Evaluation, at CM-ECF pp. 5-6.) The evaluator concluded that Phillips "could be a threat to others if placed in a situation where he felt cornered or pressured." (DE 92-2, Evaluation, at CM-ECF p. 9.) Phillips has not established that he was actually prejudiced by any failure to present to the jury the disability evaluation or the detention center records.

For all these reasons, the Court hereby ORDERS that Phillips' motion (DE 92) to amend Judge Thapar's May 25, 2017 Order is DENIED.

Dated March 26, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY