UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| JOHNNY PHILLIPS,<br>    Petitioner,<br><br>V.<br><br>ANNA VALENTINE, *Warden*<br>    Respondent. | CIVIL ACTION NO. 6:13-22<br><br><br>**OPINION AND ORDER** |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the petitioner's motion for a writ of habeas corpus under 28 U.S.C. § 2254 (DE 1, 68) and on the petitioner's motion to amend his § 2254 petition (DE 134). The

The facts and procedural history of this matter have been set forth now in multiple opinions, including an opinion by the Kentucky Supreme Court, *Phillips v. Commonwealth*, No. 2009-SC-000633-MR, 2010 WL 2471669, at *6 (Ky. June 17, 2010). Likewise, Magistrate Judge Edward B. Atkins and former U.S. District Judge Amul Thapar have set forth the relevant facts and history in opinions in the record of this matter (DE 85, Report and Recommendation; DE 89, May 25, 2017 Order.)

In brief, the plaintiff Johnny Phillips was found guilty in state court of wanton murder in the death of his friend, Phillip Glodo. He was sentenced to 30 years imprisonment. Magistrate Judge Atkins and Judge Thapar interpreted his habeas petition to assert three constitutional errors in the state court proceedings: first, that the trial court violated his constitutional rights by instructing the jury on wanton murder (with a related argument that there was insufficient evidence to convict him of this charge); second, that his trial counsel was ineffective for failing

to seek a directed verdict on the wanton-murder charge, for failing to object to the jury being instructed on wanton murder, for failing to offer proof at trial to rebut the wanton-murder charge, for failing to request an occupied-vehicle instruction, and for failing to call two experts; and third, that the government failed to disclose exculpatory evidence to him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (DE 85, Recommendation at 3; DE 89, Order.)

Judge Atkins entered a recommendation that Phillips' petition be denied as to all claims. In his May 25, 2017 order, Judge Thapar accepted that recommendation with regard to all but the *Brady* claim. As to that claim, Phillips argued that the government had failed to provide him post-mortem x-rays of Glodo's skull. There is no dispute that the government denied the x-rays existed and Phillips eventually obtained one x-ray through an open-records request.

Magistrate Judge Atkins ruled that Phillips had not demonstrated any prejudice from the failure to disclose the x-ray. Phillips argued that the x-ray would show that Glodo was not shot in the back of the head but rather from the side of the head as a result of a struggle for the gun. (DE 85, Recommendation at 20.) Phillips asserted that the x-ray helped prove that he shot Glodo in self-defense. Judge Thapar ruled that, in order to determine whether the x-ray is "material" as necessary to excuse Phillips' failure to raise the *Brady* issue on direct appeal in state court, an evidentiary hearing was necessary. (DE 89, Order at 18.) After Judge Thapar was confirmed as a judge on the Sixth Circuit Court of Appeals, the matter was reassigned to the undersigned.

Under *Brady*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. "Evidence is material under *Brady* if a reasonable probability exists that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Jells v. Mitchell*, 538 F.3d

2

478, 501–02 (6th Cir. 2008). "A reasonable probability is one that sufficiently undermines confidence in the outcome of the trial." *Id*. "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id*. (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

The Court appointed counsel to represent Phillips and conducted a hearing on the materiality of the x-ray. After hearing the evidence, the Court concludes that the x-ray is not favorable to the defendant. Nor is it material.

In his petition, Phillips argues that the x-ray proves that Glodo "was not shot straight-on in the back of the head, as alleged by the prosecution, but was struck by a shot from the side of the head as a result of a struggle." (DE 1, Petition at 8.) He argues that the x-ray "totally refut[es] that the victim was shot from behind." (DE 68, Petition at 3.) He asserts that the x-ray supports his argument that he shot Glodo accidentally during a struggle after Glodo charged after him with a knife. (DE 1-3, Petition at 20.)

At the hearing, Larry M. Dehus, a forensic scientist, testified on Phillips' behalf. He testified that "the victim was shot in the back of the head with a shotgun." (DE 137, Tr. at 13.) However, Dehus opined that the victim was not shot "at close range straight on." (DE 137, Tr. at 13.) Further, Dehus opined that Phillips was shot at "a significant angle from left to right." (DE 137, Tr. at 13-14.) Dehus opined that the shooting "wasn't just execution style, walking up behind the individual and shooting squarely in the back of the head." (DE 137, Tr. at 14.)

Nevertheless, much of this opinion was not derived from the x-ray. Dehus opined by a letter dated April 7, 2011 – years before the x-ray was produced – that "this was not a direct shot to the back of the head, but was more likely at an angle." (Pf. Ex. A.) He made that

3

determination based not on the x-ray but on "[t]he fact that the shotgun wadding did not enter the wound with the shot." (Pf. Ex. A.) He explained at the hearing that his conclusion that Glodo was shot in the back of the head but not at "close range straight on" was based on the fact that, if Glodo had been shot at a distance of less than four feet: 1) the entrance wound would have been much smaller; 2) the shotgun wadding would have entered the wound; and 3) there would likely have been destructive damage to Glodo's face. (DE 137, Tr. at 13.) These facts were known without the x-ray.

Dehus testified that the only information he obtained from the x-ray that he could not obtain from the photographs and other evidence in the record was the "direction of the shot and the relative quantity of the shot." (DE 137, Tr. at 19.) Thus, according to Dehus, the relevance of the x-ray is that it shows that Glodo was shot in the back of the head but at an angle, from left to right.

Further, Dehus's testimony about the significance of the x-ray is not reliable. He testified that "as best [he could] tell," the x-ray was taken from the back of Glodo's head. (DE 137, Tr. at 19, 20-21, 50.) Jennifer Schott, the medical doctor who performed the autopsy of Glodo, however, testified that the x-ray was taken front to back. (DE 137, Tr. at 31.) Dehus conceded that he was not qualified to say whether the x-ray was taken from the front or the back because his is not a medical doctor. (DE 137, Tr. at 52.) Dr. Schott is a medical doctor. Further, she served as the medical examiner for the Kentucky Department of Justice (Pf. Ex. I, Tr. at 2-3) and would necessarily be more familiar with its procedures. Thus, her testimony on the angle of the x-ray is more credible. Because Dehus believed the x-ray was taken from the back of Glodo's head, any conclusions that he drew from the x-ray are unreliable.

4

Even assuming, however, that Dehus's opinion is correct and that Glodo was shot from behind at an angle and at a distance, that does not undermine confidence in the jury's finding that Phillips committed wanton murder. A person is guilty of wanton murder under Kentucky law when he "wantonly engages in conduct which creates a grave risk of death to another person and thereby causes" the person's death. KRS § 507.020(1)(b). Evidence that Phillips shot Glodo from behind at a distance is not inconsistent with the jury's verdict. Wanton murder does not require a finding that Glodo was shot "execution style" in the back of the head. If anything, evidence that Phillips shot Glodo in the back of the head from a distance contradicts Phillips' claim that he shot Glodo in self-defense. Further, Dr. Schott did not testify at trial that Glodo was shot "execution style." In the portion of the trial testimony that Phillips provided the Court at the hearing, Dr. Schott, testified that Glodo was shot at "three feet distance or more." (DE 137, Tr. at 39; Pf. Ex. I, Tr. at 13; DE 30-7, Com. Bf. at 13.)

For all these reasons, the Court does not find the x-ray favorable to Phillips or material to his guilt.

After the hearing, Phillips filed a motion to amend his petition. This motion is based on Dr. Schott's testimony that, during the course of the autopsy, she made a diagram of the injuries to Glodo. (DE 137, Tr. at 27.) Phillips states that this diagram was not provided to him during the trial. The Court did not permit testimony about the diagram at the hearing. (DE 137, Tr. at 30.) Phillips argues, however, that the government's failure to provide him the diagram during trial violated *Brady*.

Phillips states that the diagram is "material" because it disproves the government's theory that Glodo "was shot in the back of the head execution style with the shot [t]raveling from back to front." (DE 134-1, Mem. at 3.) Again, however, Dr. Schott's testimony at trial was that the

5

shot to Glodo's head was from a distance of at least three feet, not that he was shot execution style. Further, even Phillips' expert Dehus testified unequivocally that "the victim was shot in the back of the head with a shotgun." (DE 137, Tr. at 13.) He testified that "obviously the victim was shot in the back of the head." The relevance of the x-ray, according to Dehus, was that it showed that the shot was at an angle, "a significant angle from left to right." (DE 137, Tr. at 13-14.)

Even assuming that Phillips shot Glodo in the back of the head but at an angle from left to right, as explained above, it does not undermine confidence in the jury's verdict that Phillips committed wanton murder. Further, as also explained above, testimony that Glodo was shot in the back of the head at a distance contradicts Phillips' argument that he shot Glodo in self-defense. Like the x-ray, the diagram is neither favorable to Phillips nor material to his guilt.

For all these reasons and those stated in the magistrate judge's report and recommendation (DE 85) and the Court's May 25, 2017 opinion (DE 89), the Court hereby ORDERS as follows:

1) The petition for writ of habeas corpus (1, 68) is DENIED; and
2) The petitioner's motion to amend his petition for writ of habeas corpus (DE 134) is DENIED.

Dated October 15, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6