UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| JOHNNY PHILLIPS, **Petitioner,** V. ANNA VALENTINE, *Warden* **Respondent.** | CIVIL ACTION NO. 6:13-22 <u>OPINION AND ORDER</u> |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion (DE 176) by petitioner Johnny Phillips for release on personal recognizance without surety pending retrial or release.

The United States Court of Appeals for the Sixth Circuit directed this Court to grant Phillips a conditional writ of habeas corpus ordering the state to either retry or release him. (DE 166). In accordance with that direction, by order dated October 27, 2020 (DE 169), the Court ordered that the Commonwealth of Kentucky MUST either 1) grant Phillips a new trial that commences within 90 days of the order; or 2) release Phillips from custody. By order dated December 2, 2020 (DE 174), the Court granted the state an extension of time to commence the new trial. The Court ordered that any new trial must commence by March 15, 2021.

Phillips moved the Laurel Circuit Court (the state court where his initial trial was conducted) to order his release from custody. The state court conducted a hearing. By order dated December 11, 2020, it denied the motion, noting the pretrial services report assessed Phillips to pose a moderate risk of flight and danger to the public. (DE 176, Mem. at 3; DE 176-

2, Order). His bail remains set in Laurel Circuit Court at $500,000. Phillips now moves this Court for immediate release from custody without surety.

In resolving this motion, it is important to note the current posture of this case. As discussed, the Sixth Circuit has already reviewed Phillips' case and ordered that this Court enter a conditional writ. The state did not petition the Supreme Court for a writ of certiorari to review the Sixth Circuit's decision. Thus, the parties agree that Federal Rule of Appellate Procedure 23(c) does not govern this motion. That rule provides, "While a decision ordering the release of a prisoner is *under review*, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety." Fed. R. App. P. 23(c) (emphasis added). As both parties point out, the conditional writ issued by the Court is not "under review." Thus, Rule 23(c) does not apply. *Nash v. Eberlin*, 437 F.3d 519, 526 & n.10 (6th Cir. 2006).

Phillips argues that the Court should nonetheless grant his motion pursuant to the standard set forth in *Nash* that applies to a motion for release pending the district court's decision on the habeas petition. In *Nash*, the court stated that a district court may order a petitioner's release from custody even before the court has decided the habeas petition if the petition presents a "substantial claim of law" and the court finds "the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice." *Id*. at 526, n. 10 (citation and internal quotations and brackets omitted).

Unlike in *Nash*, however, this Court is no longer considering Phillips' petition. Federal review of his petition is over. In the only case the Court has located dealing with a similar situation, the district court denied the motion for bond, finding it more appropriate for the state court to handle:

> The Court of Appeals has acted on the Commonwealth's appeal by affirming our decision that Monachelli's state court conviction was unconstitutional. Monachelli's counsel has informed this court that the Commonwealth does not intend to seek further review of the Court of Appeal's decision. Thus, the *federal* process is effectively terminated. All that remains is for Monachelli to be retried. However, that trial will be held in *state* court. Indeed, as a result of the Court of Appeals' decision, Monachelli's present status is that of a *state*-indicted, pre-trial detainee. Given the obvious interest the Commonwealth has in any decision to enlarge one of its state-indicted, pre-trial detainees, especially one charged with first-degree murder as Monachelli, we believe the courts of the Commonwealth should have the opportunity to consider whether Monachelli presents a danger to the community or is likely to flee.

*Manochelli v. Warden*, No. CIV. A. 88-4935, 1989 WL 110850, at *1 (E.D. Pa. Sept. 26, 1989).

The Court agrees with this analysis. Phillips is currently in state custody, charged in a state indictment with state charges, and any retrial of him will take place in state court. Pursuant to the conditional writ, the state must either commence the new trial by March 15, 2021 or release Phillips without conditions. Nothing in the conditional writ would prevent the state from releasing Phillips from its custody with or without conditions prior to March 15, 2021. Until that date, the state court is best situated to determine whether Phillips should be released pending any retrial by the state and, if so, the appropriate conditions of release.

For all these reasons, the Court hereby ORDERS that Phillips' motion for release without surety (DE 176) is DENIED.

Dated February 04, 2021

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY